# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

MICHAEL ESTRADA,

      Plaintiff,                    CIVIL ACTION FILE NO.:

v.                                   _____

                                   INJUNCTIVE RELIEF SOUGHT

SELECT COMFORT RETAIL
 CORPORATION,
a Foreign Profit Corporation,
d/b/a Sleep Number,

      Defendant.
_____/

## COMPLAINT

Plaintiff, MICHAEL ESTRADA ("Plaintiff"), through the undersigned counsel, files this Complaint against Defendant SELECT COMFORT RETAIL CORPORATION, a Foreign Profit Corporation, d/b/a Sleep Number, and says:

## INTRODUCTION

This is an action under Title III of the Americans with Disabilities Act ("the ADA") alleging barriers to access at Defendant's place of public accommodation, the retail establishment known as Sleep Number.  Defendant is the proper Defendant regarding the premises, as the owner, operator, lessor and/or administrator thereof. The subject premises, as a public facility or a private facility used by the public, is a

place of public accommodation as defined by the ADA. It includes parking, approaches and entrances, paths of travel, facilities, toilet rooms and other public accommodations and services covered by the ADA.

## JURISDICTION AND VENUE

1.     This Court has original jurisdiction over the subject matter of the claims asserted under 28 U.S.C. § 1331 (federal question); and 42 U.S.C. § 12181 et seq. (ADA), and 28 CFR Part 36, Subpart d (2011) and C.F.R Part 1191 (the "2010 Standards").

2.     This Court has personal jurisdiction over Defendant, consistent with the United States Constitution and O.C.G.A. § 9-10-90 (Georgia's "long arm" statute), by virtue of Defendant's substantial, continuous and systematic contacts with the State of Georgia.

3.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(c) and N.D. Ga. L.R. 3.1(B) because Defendant resides and does business in this State, District, and Division and is subject to personal jurisdiction in the Northern District of Georgia.

## PARTIES

4.     At all times material, MICHAEL ESTRADA ("Plaintiff"), was a resident of the State of Georgia and suffered from a qualified disability in this State. Due to his disability, Plaintiff is substantially impaired in several major life activities

and requires a walker as his primary means of mobility.  Prior to filing this action,

Plaintiff visited the subject property, but he was denied full and equal access to, and

the full use and equal enjoyment of, the facilities, which property is the subject of

this case.

5.      Defendant, SELECT COMFORT RETAIL CORPORATION

("Defendant" or "Sleep Number"), is a foreign profit corporation having its principal

place of business in Minneapolis, Minnesota.  Defendant is authorized to transact,

and is transacting, business in the State of Georgia, and in this judicial district.  On

information and belief, Defendant is the owner, lessor and/or the operator of the

facility, and owner of the improvements on the real property where the facility is

located.  That said facility is located at 6759 Veterans Parkway, Columbus, Georgia

31909 ("the subject facility").

**COUNT ONE**

**VIOLATIONS OF TITLE III OF THE
AMERICANS WITH DISABILITIES ACT**

6.      The building or facility is a public accommodation subject to the ADA,

and it must comply therewith.

7.      Defendant has discriminated, and continues to discriminate, against

Plaintiff and other disabled persons, by denying Plaintiff full and equal access to,

and the full and equal enjoyment of, the goods, services, facilities, privileges,

advantages, and/or accommodations at its facility in derogation of 42 U.S.C. § 12181

et seq., and as prohibited by 42 U.S.C. § 12181 et seq., by failing to remove architectural barriers where such removal is readily achievable.

8.    Plaintiff has been, and continues to be, unable to gain access to, and enjoy the benefits of the goods and services purported to be at, the subject location, which is owned, operated, controlled and maintained by Defendant.  Before filing this action, and within the applicable limitations period, Plaintiff visited the property and was denied full and safe access to the benefits, accommodations, and services otherwise afforded to persons who do not suffer from a disability.  Plaintiff's access was inhibited by, and Plaintiff encountered, the barriers to access detailed herein which barriers remain, in violation of federal law.  As a proximate result of the foregoing, Plaintiff suffered an injury in fact in precisely the manner and form which the ADA was enacted to safeguard against.

9.    Plaintiff continues to desire access to the facility but continues to be injured because he is unable to gain access and continues to be discriminated against due to barriers to access which remain at and about the facility.  Absent remedial action by Defendant Plaintiff will continue to encounter the barriers described and will continue to be discriminated against by Defendant on the basis of his disability. Plaintiff has been discriminated against and has reasonable grounds to believe he will continue to suffer discrimination in the future, because of Defendant's continuing, deliberate and knowing violations of the ADA.

10.    Plaintiff intends to, and will, visit the property in the near future to utilize the goods and services thereon.

11.    Defendant's facility is in violation of 42 U.S.C. § 12181 et seq., and, consequently, Plaintiff is denied access as a result of the following specific violations:

Men's Restroom

a)    Providing a gate or door with a continuous opening pressure of greater than 5 lbs., exceeding the limits for a person with a disability in violation of 2010 ADAAG §§ 404, 404.1, 404.2, 404.9 and 309.4;

b)    Failing to provide the proper insulation or protection for plumbing or other sharp or abrasive objects under a sink or countertop in violation of 2010 ADAAG §§ 606 and 606.5;

c)    Failing to provide the proper spacing between the grab bar and an object projecting out of the wall in violation of 2010 ADAAG §§ 609, 609.1, and 609.3;

d)    Failing to provide toilet paper dispensers in the proper position in front of the water closet or at the correct height above the finished floor in violation of 2010 ADAAG §§ 604, 604.7 and 309.4;

e)    Failing to provide a paper towel dispenser at the correct height above the finished floor in violation of 2010 ADAAG §§606, 606.1 and 308;

f)      Failing to provide sufficient clear floor space around a water

closet with no obstructing elements in this space in violation of

2010 ADAAG §§ 4.22.3, 603, 603.2.3, 604, 604.3 and 604.3.1;

g)      Failing to provide a coat hook for a person with a disability in violation

of 2010 ADAAG §§ 603, 603.4 and 308;

h)      Failing to provide mirror(s) situated above lavatories or countertops at

the proper height above the finished floor in violation of 2010 ADAAG

§§ 603 and 603.3.

12.     Plaintiff alleges numerous other barriers to access at the facility not

specifically referenced, which barriers can be identified only after a full inspection

by Plaintiff and Plaintiff's representatives has been made.

13.     To date the barriers and other violations of the ADA exist at the facility,

and such barriers have not been remedied or altered in order to attain substantial

compliance with the ADA and its promulgating regulations.

14.     Defendant is required to make its facility, which is a place of public

accommodation, accessible to persons with disabilities.

15.     The remediation of barriers and accommodations sought by Plaintiff is

readily achievable, technically feasible, and would not cause a significant loss of

marketing or sale space to Defendant.

16.     Independent of his intent to return as a patron of the property, Plaintiff also intends to return to the property to determine whether the barriers to access have been remedied.

17.     Removal of the barriers to access at the property would allow Plaintiff to fully utilize the goods and services located thereon.

18.     Plaintiff has had to retain counsel for the filing and prosecution of this action.  Plaintiff is entitled to have and recover from Defendant reasonable attorneys' fees, costs and expenses.

19.     This Court is vested with the authority to grant injunctive relief to Plaintiff, including ordering Defendant to alter the facility to make it readily accessible to persons with disabilities to the extent required by the ADA, and to close the facility until the requisite modifications are achieved.

WHEREFORE, Plaintiff requests judgment against Defendant and prays for the following additional relief:

(a)     That the Court declare the property owned, operated, leased, controlled and administered by Defendant, to be in violation of the ADA;

(b)     That the Court enter an Order requiring Defendant to alter its facilities to make them accessible to persons with disabilities to the full extent required by law;

(c)     That the Court enter an order requiring Defendant to cease operating its

business at the facility for such reasonable time as to require

Defendant to evaluate and neutralize its policies, practices and

procedures toward persons with disabilities and to undertake remedial

measures;

(d)     That the Court award Plaintiff reasonable attorneys' fees, costs and

further relief as it deems just and proper in the premises.

DATED: May 19, 2025.

Respectfully submitted,

MATTHEW N. POPE, P.C.

By: */s/ Matthew N. Pope*
    Matthew N. Pope
    Georgia Bar No. 584216
    900 2nd Avenue
    P.O. Box 2624
    Columbus, Georgia 31902
    Ph. (706) 324-2521
    matt@mpopelaw.com

***COUNSEL FOR PLAINTIFF***